**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-30207 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00225-EJL |
| v. | |
| MARIA ROSA ARTEAGA-GUZMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Maria Rosa Arteaga-Guzman appeals from the district court's judgment and

challenges the 70-month sentence imposed following her guilty-plea conviction for

conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and

distribution of methamphetamine and possession with intent to distribute

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arteaga-Guzman contends that the district court erred in denying a mitigating role adjustment under U.S.S.G. § 3B1.2. She argues that the court failed to consider or incorrectly applied the factors listed in the commentary to the Guideline. We review the district court's application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record shows that the district court considered the relevant factors, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), and did not abuse its discretion in applying these factors to the facts of Arteaga-Guzman's case, including her participation in two face-to-face drug transactions and her involvement in traveling to California with her co-defendant to obtain methamphetamine from the supplier.

In light of this holding, we do not address Arteaga-Guzman's argument regarding U.S.S.G. § 2D1.1(b)(16), which only applies when a defendant is determined to have played a minimal role in the offense

**AFFIRMED.**